UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH A. SMITH, also known as Glenn Akers,<br><br>                Petitioner,<br><br>    v.<br><br>DONALD HOLBROOK,<br><br>                Respondent. | 2:21-cv-00103-SAB<br><br>**ORDER SUMMARILY DISMISSING HABEAS ACTION** |

    Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ECF No. 5. Petitioner, a prisoner at the Washington State Penitentiary, is proceeding *pro se*. The filing fee was paid. Respondent has not been served.

    By Order filed April 26, 2021, the Court directed Mr. Smith to amend his petition to demonstrate that he fully exhausted his state court remedies as to each of his federal habeas claims. ECF No. 4 at 4–5; *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A review of Petitioner's 248 pages of submissions shows that he did not exhaust those remedies prior to the submission of his Petition for Writ of Habeas Corpus on March 2, 2021.

**ORDER SUMMARILY DISMISSING HABEAS ACTION *1**

# EXHAUSTION REQUIREMENT

Petitioner challenges his 2018 Spokane County bench trial convictions for First-Degree Burglary, First-Degree Felony Murder, First-Degree Assault, and Unlawful Possession of a Firearm. ECF No. 5 at 19. He was sentenced to life in prison without the possibility of parole on July 12, 2018. *Id.* Petitioner indicates that he appealed his convictions and sentence, and they were affirmed on February 16, 2021. ECF No. 5 at 19. Division III of the Washington State Court of Appeals denied his Motion for Reconsideration on April 6, 2021. *See id.* at 14, 19. Petitioner avers that he filed "in Supreme Court May 6, 2021[,] raising 6 issues," although he asserts "these issues are separate from the Grounds in Habeas Corpus." *Id.* at 18.

In addition to adding several habeas claims in his First Amended Petition, ECF No. 5, Petitioner failed to demonstrate that each of those claims were exhausted by appeal to the Washington State Supreme Court. Petitioner has shown that his direct appeal was still pending at the time he filed the present habeas corpus action. ECF No. 5 at 14, 18. Indeed, the appellate court indicated there was an important constitutional issue that the Washington State Supreme Court should address. *See id.* at 15, 16–17, 19.

Petitioner admits that he did not present each of his federal habeas claims to the Washington State Supreme Court, asserting a belief that the Washington State Supreme Court "did not feel issues were of value enough to review." *See* ECF No. 5 at 18, 80. Because it is clear from Petitioner's submissions that he did not present his claims to the state's highest court, he has not exhausted his state court remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). Accordingly, this action is dismissed without prejudice for failure to exhaust state court remedies. *O'Sullivan*, 526 U.S. at 839.

//
//
//

**ORDER SUMMARILY DISMISSING HABEAS ACTION** *2

For the reasons set forth above, and in the Order to Amend Petition, ECF No. 4, **IT HEREBY IS ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 29th day of June 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER SUMMARILY DISMISSING HABEAS ACTION *3**